IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMNI USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-4728 |
| | § | |
| PARKER-HANNIFIN CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER OF PARTIAL DISMISSAL

Pending before the Court in the above referenced action, alleging that Defendant Parker-Hannifin Corporation ("Parker") improperly designed, manufactured, marketed, and serviced defective industrial oil seals sold to Plaintiff Omni USA, Inc. ("Omni") specifically for use in its gearboxes as part of agricultural irrigation systems sold to a third party, is Parker's second motion to dismiss (instrument #19).[1]

The motion argues that (1) the First Amended Complaint, like the Original Petition, fails to satisfy requirements of Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), and (2) the alleged misrepresentation underlying Omni's claims for violations of the Texas Deceptive Trade Practices-Consumer Protection Act

---

[1] In its order of June 28, 2011 the Court granted Parker's motion for more definite statement and mooted its first motion to dismiss. Instrument # 15. The Court ruled that Omni's Original Petition failed to satisfy federal pleading standards and granted Omni leave to amend. Omni filed its First Amended Complaint (#16; copy also filed as Exhibit B to #19) on July 13, 2011.

("DTPA"), Tex. Bus. & Com. Code § 17.46(a), fraudulent inducement, negligent misrepresentation, and fraud[2] is not a misrepresentation of material fact and is not actionable as a matter of law.  Omni has not responded to Parker's second motion to dismiss.

## Standards of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  All well pleaded facts must be viewed as true, "in the light most favorable to the plaintiff.  *Lindquist v. City of Pasadena, Texas*, 525 F.3d 383, 386 (5th Cir. 2008).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  "Without some factual allegation in

---

[2] Parker's motion does not address Omni's claims for breach of contract to provide non-defective seals in exchange for payment as defined under Tex. Bus. & Com. Code §§ 2.201(c) *et seq.*, .204, and .206; breach of express warranties, as defined under § 2.313 of the Tex. Bus. & Com. Code; and breach of implied warranty of merchantability under § 2.314 of the Tex. Bus. & Com. Code.

the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests." *Id.* at 555, n.3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 556.

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  The Fifth Circuit strictly construes the Rule and requires the plaintiff pleading fraud in federal court "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc,. v. TXU Corp.*, 565 F.3d 200. 206-07 (5th Cir. 2009)(*quoting Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied*, 130 S. Ct. 199 (2009)).  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state

a claim.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

"When a corporation is alleged to have made false representations, the court must [identify and] look to 'the state of mind of the corporate official or officials who make or issue the statement.'  It follow that '[a] corporation can be held to have a particular state of mind [e.g., fraudulent intent] when that state of mind is possessed by a single individual.'"  *7-Eleven Inc. v. Puerto Rico-7 Inc.*, Civ. A. No. 3:08-CV-00140-B, 2008 WL 4951502, *2 (N.D. Tex. Nov. 19, 2008), *quoting Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 366-67 (5th Cir. 2004).

Under Texas law a claim for common-law fraud based on nondisclosure requires the plaintiff to allege that the defendant concealed or failed to disclose a material fact that the defendant knew the plaintiff was ignorant of or did not have the opportunity to discover, the defendant intended to induce the plaintiff to take some action by concealing or failing to disclose the material fact, and the plaintiff suffered as a result of acting on the defendant's nondisclosure.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008), *citing Bradford v. Vento*, 48 S.W. 3d 749, 754-55 (Tex. 2001).  In a case alleging fraudulent misrepresentation and omission of facts, Rule 9(b) requires the plaintiff to plead the type of facts omitted, the place in which the omissions should

-4-

have appeared, and how the omitted facts made the misrepresentation misleading. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006), *citing United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 370, 381 (5th Cir. 2004); *Timberlake v. Synthes Spine Co., LP,* Civ. A. No. V-08-4, 2009 WL 926990, *3 (S.D. Tex. Mar. 31, 2009). Furthermore, "'one who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so.'" *Id., quoting Chiarella v. United States*, 445 U.S. 222, 227-28 (1980). Thus under Rule 9(b) the plaintiff must allege with particularity facts that, if true, would give rise to a duty of disclosure. *Carroll*, 470 F.3d at 1174.

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824-25 (N.D. Tex. 2001)(and cases cited

therein)("[C]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)."); *Flowserve Corp. V. Hallmark Pump Co.*, 2010 WL 2232285, *6 (S.D. Tex. Feb. 3, 2010)(same).   Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).   The same is true of claims for negligent misrepresentation where the factual allegations underlying it and a fraud claim are the same. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. . . . That is the case here, as Benchmark's fraud and negligent misrepresentation claims are based on the same set of alleged facts."), *citing Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Berry v. Indianapolis Life Ins. Co.* ("*Berry II*"), No. 3:08-CV-0248-B, 2010 WL 3422873, *16 (N.D. Tex. aug. 26, 2010), *citing Benchmark* and *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008)(dismissing

negligent misrepresentation claim based on the same operative facts as an insufficient fraud claim).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985).  "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.*  Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice.  *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5TH Cir. 1980).

### Substantive Law

### Fraud

To plead fraud under Texas law, a plaintiff must allege (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation

with the intent that the plaintiff act upon it; (6) the plaintiff relied upon the representation; and (7) the representation caused the plaintiff injury.   *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

"'Failing to disclose information is equivalent to a false representation only when particular circumstances impose a duty on a party to speak, and the party deliberately remains silent.'" *Allen v. Devon Energy Holdings, LLC*, ___ S.W. 3d ___, No. 01-09-00643-CV, 2011 WL 3208234, *14 (Tex. App.--Houston [1st Dist.] July 28, 2011).   The elements of fraud by nondisclosure are "(1) the defendant failed to disclose facts to the plaintiff; (2) the defendant had a duty to disclose such facts; (3) the facts were material; (4) the defendant knew that the plaintiff was ignorant of the facts and did not have an equal opportunity to discover the truth; (5) the defendant was deliberately silent and failed to disclose the facts with the intent to induce the plaintiffs to take some action; (6) the plaintiff acted in reliance on the omission or concealment; and (7) the plaintiff suffered injury as a result of acting without knowledge of the undisclosed facts." *Id., citing Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W. 3d 840, 850 (Tex. App.-Houston [14th Dist.] 2010, no pet.].   To be actionable, the defendant must have a duty to disclose.   *Id., citing In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 788 (S.D. Tex. 2005).   A duty to disclose may arise

-8-

in four situations:  (1) where there is a special or fiduciary relations; (2) where one voluntarily discloses partial information but fails to disclose the whole truth; (3) where one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and (4) where one makes a partial disclosure and conveys a false impression.  *In re Enron*, 388 F. Supp. 2d at 788.

"Fraudulent inducement 'is a particular species of fraud' that requires proof of the common law elements of fraud and the existence of a contract between the parties."  *Allen v. Devon Energy Holdings, LLC*, ___ S.W. 3d ___, No. 01-09-00643-CV, 2011 WL 3208234, *6 (Tex. App.--Houston [1st Dist.] July 28, 2011).  To establish a claim of fraudulent inducement under Texas law, a plaintiff must show that a contractual promise was made by the defendant with no intention of performing.  *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W. 299, 304 (Tex. 2006).  A promise of future performance made by the defendant with no intention of performing at the time he made it can give rise to a cause of action for fraud.  *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W. 2d 41, 48 (Tex. 1998).

Under Texas law the elements of negligent misrepresentation are (1) the representation was made by the defendant in the course of his business or in a transaction in which he had a pecuniary interest; (2) the defendant supplied "false information" for the

guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W. 2d 439, 442 (Tex. 1991)(adopting *Restatement (Second) of Torts* § 552 (1977)); *Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 377 (5ᵗʰ Cir. 2003)(applying Texas law).

To recover under the DTPA, a plaintiff must prove that (1) he is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code Ann. §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W. 2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W. 13, 14 (Tex. 1987). Omni alleges that Parker's "representations regarding the characteristics, uses, standard, and style of the seals; its then-current capabilities and resources to design and manufacture a functional and operative cartridge seal; and [] its intention to provide an adequate and fair remedy to replace the defective seals were false misleading, and deceptive [*sic*]" and were the producing cause of Plaintiff's damages when

-10-

Plaintiff relied upon them.  First Amended Complaint (#16) ¶ 29.
Omni charges that Parker's representations violated § 1746(b)(3),
(5), (7),  and (24).  Subsection (3) focuses on "causing confusion
or misunderstanding as to affiliation, connection, or association
with, or certification by, another."  Subsection (5) deals with
"representing that goods or services have sponsorship, approval,
characteristics, ingredients, uses, benefits, or quantities which
they do not have or that a person has a sponsorship, approval,
status, affiliation, or connection which he does not."  Subsection
(7) concerns "represent[ing] that goods or services are of a
particular standard, quality, or grade, or that goods are of a
particular style or model, if they are of another."  Subsection
(24) addresses "failing to disclose information concerning goods or
services which was known at the time of the transaction if such
failure to disclose such information was intended to induce the
consumer into a transaction into which the consumer would not have
entered had the information been disclosed."

### Parker's Second Motion to Dismiss (#19)

The alleged material misrepresentation, underlying Omni's
claims for violations of the DTPA, fraudulent inducement, negligent
misrepresentation, and fraud,[3] is, "Defendant, by and through its

---

[3] "A false representation is material if a reasonable person
would attach importance to and be induced to act on the
information." *Shandong Yinguang Chemical Industries Joint Stock
Co., Ltd. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010), *citing
Citizens Nat'l Bank v. Allen Rae Invs.*, 142 S.W. 3e 459, 478-79

-11-

representatives, Ronnie Lovett and Paul Yager, further represented that it would be able to design and manufacture a cartridge seal for Plaintiff's gearbox that would enable Plaintiff's gearbox to successfully operate and function in an agricultural system." First Amended Complaint (#16) at ¶ 7; ¶¶ 29-32 (DTPA), 36 (fraudulent inducement), 38, and 41. Omni also asserts in its claim for fraudulent inducement that Parker "promised it would create and register a patent for its seal design." *Id.*, ¶ 36. Parker insists this statement is not the basis for the fraudulent inducement claim because in the same paragraph Omni states, "Defendant knew that Plaintiff was basing its decision to enter into the performance contract with Defendant on the representations of Defendant's representatives that Defendant's cartridge seal would enable Plaintiff's gearbox to successfully operate and function in an agricultural irrigation system." Thus the patent is irrelevant to Omni's charge that the seals were defective.

Parker insists that the alleged misrepresentation fails to cure Omni's pleading defects because it is substantively identical to the allegation of misrepresentation in the Original Petition, i.e., that a Parker representative stated that Parker could design a seal for Omni's gearboxes that would meet or exceed the seal quality of Omni's competitors. The new, vague, general allegation does not identify the requisite "who, what, when, where and how"

(Tex. App.--Fort Worth 2004, no pet.).

and to whom for pleading fraud nor specify how the representation is fraudulent, all necessary to induce a reasonable person to attach importance to the statement.  Thus Omni's claims under the DTPA and for fraudulent inducement, negligent misrepresentation and fraud should be dismissed. *Lone Star Ladies Inv. Club*, 238 F.3d at 368; *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-32 (5th Cir. 2010)(defendant represented that it was in "sound financial condition" when it was unprofitable and unable to obtain a line of credit; Fifth Circuit dismissed claim of fraudulent inducement because plaintiff did not "present[] any detailed, corroborating information, facts or figures to support the statement that might entice a reasonable person to attach importance to the statement" and the statement was "inherently vague and ambiguous").

Moreover Omni's Complaint indicates that the alleged misrepresentation was not even a misrepresentation, because Omni concedes that the seals were used for years (2005-07) before Omni received any complaints from customers that the gearboxes were leaking and then knew they were defective.  First Amended Complaint (#16) ¶¶ 8-9.  Parker contends that Omni's claim, at most, is one for breach of warranty or breach of contract related to the allegedly defective seals, and not for fraudulent misrepresentation.  Parker further maintains that Omni has not

provided fair notice of its claims based on fraud because it fails to plead facts that are plausible and rise above mere speculation.

In addition, argues Parker, the statement is not actionable as a misrepresentation as a matter of law under both Ohio[4] and Texas law because the alleged misrepresentation is an opinion or mere "puffing," and not a statement of material fact.  A pure expression of opinion will not support a claim for fraud.  *Trenholm v. Ratcliff*, 646 S.W. 2d 927, 930 (Tex. 1983).  "Generally, statements that compare one product to another and claim superiority are not actionable misrepresentations."  *Autohaus, Inc. v. Aguilar*, 794 S.W. 2d 459, 464 (Tex. App.--Dallas 1990, writ denied)(holding that representation that Mercedes was the best engineered car in the world was not actionable).  *See also Chandler v. Gene Messer Ford, Inc.*, 81 S.W. 3d 493, 499-501 (Tex. App.--Eastland 2002, pet. denied)(salesperson's representations that a certain automobile was safer than a different type of automobile were not misrepresentations of material fact nor false or misleading under the DTPA, but only mere "sales talk" or "puffing"); *Cleveland Mack Sales, Inc. v. Foshee*, No. 13-00-00059-CV, 2001 WL 1013393, at *4-6 (Tex. App.--Houston [14th Dist.] Sept. 6, 2001, pet. denied)(statement that plaintiff would receive a new problem-free tractor, delivered to plaintiff's specifications, amounted to mere

---

[4] The Standard Terms of Sale in dispute provides that Ohio law applies.

puffing and not actionable under the DTPA)("three factors courts consider in determining whether a statement is actionable or mere puffing or opinion are (1) the specificity of the alleged misrepresentation, (2) the comparative knowledge between the buyer and seller, and (3) whether the representation concerns past or present conditions, or future conditions")[5]; *Heard v. Monsanto Co.*, 07-06-04020CV, 2008 WL 1777989, *3 (Tex. App.--Amarillo Apr. 18, 2008, no pet.)(defendant's statements that "no other herbicide can control more weeds than Roundup UltraMAX" and "[w]ith Roundup UltraMAX you are assured the best all-around herbicide performance you can buy" were not specific enough to support a cause of action under the DTPA).

Ohio law, too, holds that subjective remarks cannot constitute misrepresentations of material fact. *Cliff v. Loudenslager*, No. CA2006-01-002, 2006 WL 3186541, *3-4 (Ohio Ct. App. Nov. 6, 2006)(real estate seller's agent's statement that buyers were "getting a wonderful house" was not a fraudulent misrepresentation); *Akers v. Classic Props., Inc.*, No. CA2003-03-035, 2003 WL 223226605, *5 (Ohio Ct. App. Oct. 13, 2003)(subdivision brochures promoting four-foot sidewalks as

---

[5]    "Misrepresentations concerning future conditions or performance of a good are actionable under the DTPA. . . . Imprecise or vague statements are generally considered puffing , and are not actionable under the DTPA, while statements of material fact are actionable." *Cleveland Mack*, 2001 WL 1013393, at *4, *citing Douglas v. Delp*, 987 S.W. 2d 879, 886 (Tex. 1999).

"biking and walking trails" were not misrepresentations of material fact nor a warranty, but mere puffing along with the other brochure misrepresentations); *Dent v. Ford Motor Co.*, 614 N.E.2d 1074, 1077 (Ohio Ct. App. 1992)(holding there was no evidence of fraudulent misrepresentations or express warranties in Ford's advertising slogans, "Built Fun Tough" and "best in America").

In sum, argues Parker, Omni fails to specify how the alleged representations are misrepresentations of material fact, to demonstrate how the specifications of the Parker seals are different from those of its competitors, and to show that Parker's sales representatives knew the representations to be false at the time he made them.  At most the alleged misrepresentation is a statement of opinion and puffing, not actionable as a matter of law.  Thus Parker asks the Court to dismiss Omni's claims for violations of the DTPA, fraudulent inducement, negligent misrepresentation, and fraud.

### Court's Decision

First the Court would point out that there is more than one alleged misrepresentation in the First Amended Complaint and that Omni, in footnote two, asserts, "Throughout Plaintiff's First Amended Original Complaint, Defendant's 'representations,' 'misrepresentations,' and representations made by Defendant's 'representatives' include statements made by Defendant's representatives and employees, including but not necessarily

-16-

limited to Ronnie Lovett and Paul Yager." Nevertheless, as noted *supra*, in the Fifth Circuit, *inter alia* identification of the speaker is necessary for fraud-based claims.

In addition to the alleged misrepresentation cited by Parker in paragraph 7,[6] in paragraph 6 Omni states that in a 2004 meeting, Parker's Houston representative Ronnie Lovett

> verbally represented that Parker would be fully capable of designing and manufacturing cartridge seals . . . for Plaintiff's gear boxes . . . , which Plaintiff would then sell to T-L Irrigation Company . . . for use in T&L's agricultural irrigation systems. Based on Defendant's representations, Plaintiff agreed to allow Defendant to design and manufacture such seals, and Plaintiff and Defendant agreed that Defendant was to ultimately have final design control over the design and manufacture of such seals.

As Parker pointed out, before Omni received complaints in 2008 about the leaking gear boxes, there are no allegations that Omni knew this statement was false. Thus Omni has not pleaded facts necessary to state a claim for fraud.

In paragraph 11, the complaint asserts, " . . . Defendant represents that it is 'world's leading diversified manufacturer of motion and control technologies and systems, providing the

---

[6] Paragraph 7 also states, "At the time of Defendant's representations, Plaintiff further contends that Defendant did not actually possess the knowledge, skills, technology, or other capabilities or resources that Defendant represented to Plaintiff that Defendant possessed; Defendant did not provide details regarding its lack of capabilities and resources to Plaintiff; and Defendant was uncertain whether it could actually design and manufacture a functional cartridge seal design as requested by Plaintiff within the time frame of Plaintiff's request."

precision-engineered solutions for a wide variety of mobile and industrial aerospace markets.'"  The Court agrees with Parker that this statement is an opinion or mere puffing.

Omni has failed to provide the requisite circumstantial facts for its alleged misstatements. *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 1997)(the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.").  It has also failed to allege facts showing that Parker's representatives knew these statements were false when they made them or made the representations recklessly and without knowledge of their truth. Nor has Omni established that Omni had a duty to disclose any concealed information that it had or what facts it did not disclose.  Nor for its fraudulent inducement claim has Omni pleaded facts showing that a contractual promise was made by the defendant with no intention of performing.  Omni's negligent misrepresentation claim is not supported by facts showing that at the time the challenged statements were made, Parker supplied "false information" for the guidance of Omni in its business.  Nor does Omni assert any facts to explain, no less support, the DTPA sections it claims Parker violated: § 1746(b)(3)("causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another"), (5)("representing that goods

-18-

or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not"), (7)("represent[ing] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"), and (24)("failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed").

Accordingly the Court agrees with Parker that Omni's First Amended Complaint has failed to state claims for fraud, fraudulent inducement, negligent misrepresentation, and violations of the DTPA under Rules 9(b) and 12(b)(6).  Thus the Court

ORDERS that Parker's motion to dismiss is GRANTED and that the claims for fraud, fraudulent inducement, negligent misrepresentation, and violations of the DTPA against Parker are DISMISSED without prejudice for failure to meet the standards of Federal Rules of Civil Procedure 9(b) and 12(b)6).  Omni's claims for breach of contract and breach of implied and express warranties

remain pending.

**SIGNED** at Houston, Texas, this  27th  day of  March , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE