IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OMNI USA, INC., § | |
|       Plaintiff § | |
| v. § | CIVIL ACTION NO. 10-4728 |
| § | |
| PARKER-HANNIFIN § | |
| CORPORATION, § | |
|       Defendant § | |

## PARKER-HANNIFIN'S FIRST AMENDED MOTION FOR ATTONREYS' FEES AND MOTION FOR ENTRY OF FINAL JUDGMENT

1. Parker-Hannifin Corporation ("Parker") files this First Amended Motion for Attorneys' Fees and Motion for Entry of Final Judgment consistent with the Court's and Opinion and Order (Doc. 71).

2. Attached as **Exhibit A** is the First Amended Declaration of Jeremy R. Stone setting forth Parker's reasonable and necessary attorneys' fees related to its breach of contract counterclaim, which is incorporated by reference as if fully set forth herein. Parker's attorneys' fees related to its breach of contract counterclaim are reasonable and necessary at least in the amount of $7,512.50. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 171-19 (5th Cir. 1974); *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W. 2d 812, 818 (Tex. 1997); *Stewart Title Guar. Co. v. Sterling*, 822 S.W. 2d 1 (Tex. 1991), *modified by Tony Gullo Motors I, LP v. Chapa*, 212 S.W. 3d 299 (Tex. 2006).[1]

---

[1] The possibility exists that Omni may appeal this Court's Judgment. Accordingly, in submitting this Motion for attorney's fees in compliance with the Court's Opinion and Order, Parker does not waive, and seeks to preserve, Parker's claim for the amount of the fees supported in its previous Motion. In the event Omni appeals this Court's Judgment, Parker believes there is a legitimate basis to argue for the full amount of its fees as previously submitted.

    If Omni appeals, Parker would point out that the Texas Supreme Court in *Chapa*, 212 S.W.3d at 312-13, acknowledges that, although time spent on work for which fees are recoverable should be segregated from that for which fees are not recoverable, the mere fact that recoverable fees were incurred with work that was intertwined with other aspects of a claim for which fees are not recoverable, does not automatically preclude recovery of fees for such work. And the Dallas Court of Appeals in *Sharifi v. Steen Automotive, LLC*, 370 S.W.3d 126, 153-54 (Tex.

3. Attached as **Exhibit B** is the proposed Final Judgment pursuant to the Court's Opinion and Order.

4. Parker respectfully requests that the Court grant Parker's request for reasonable and necessary attorneys' fees and enter the Final Judgment. Parker respectfully requests all other relief to which it is justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

*/s/ Jeremy R. Stone*
Jeremy R. Stone
Attorney-in-charge
State Bar No. 24013577
S.D. Texas I.D. No. 27060
500 Dallas, Suite 1200
Houston, Texas 77002
Phone: (713) 655-1200
Fax: (713) 655-0222

ATTORNEY FOR DEFENDANT
PARKER-HANNIFIN COPRPORATION

---

App.—Dallas, no pet.) acknowledges that circumstances may justify and award of fees over the amount of damages recovered.

In this case, Omni's defense against Parker's counterclaim was imbedded in its breach of contract and breach of warranty claims against Parker. The intertwined fees and expenses on both the Parker claim for damages and defense against Omni's claims were exacerbated equally by the manner in which Omni defended itself. In this case, the attorneys fees mounted in large part because of Omni's conduct, to wit: Omni's repeated motions for extensions of time; Omni's violations of the Court's scheduling order; Omni's post-deadline expert designations, post-deadline expert report, and post deposition conduct of additional useless testing, requiring Omni's expert to be deposed a second time; and Omni's tardy briefing. These facts are supported by the Court's docket sheet and the parties' filings, which are incorporated by reference as if fully set forth herein.

Parker would like to argue, if Omni appeals, that when these facts are coupled with the fundamentals of this case, the higher fees claim is justifiable and may be awarded by the trial court.

Of counsel:

**MEHAFFY WEBER, P.C.**

Louis M. Scofield, Jr.
State Bar No. 17884500
Post Office Box 16
Beaumont, Texas  77704
Telephone: 409/835-5011
Telecopier: 409/835-5177

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of this document was served via the Court's Electronic Filing System on August 26, 2013.

            */s/ Jeremy R. Stone*
            JEREMY R. STONE

Mr. Daniel A. Ruiz
Law Office of Daniel A. Ruiz
1795 N. Fry Rd., Suite 305
Katy, Texas 77449