IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| OMNI USA, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 4:10-cv-4728 |
| § | | |
| PARKER-HANNIFIN CORPORATION, § | | |
| Defendant. § | | |

**PLAINTIFF'S RESPONSE TO PARKER-HANNIFIN'S FIRST AMENDED MOTION FOR ATTORNEYS' FEES AND MOTION FOR ENTRY OF FINAL JUDGMENT**

1. Plaintiff files its Response to Defendant Parker-Hannifin's (hereinafter, "Defendant") First Amended Motion for Attorneys' Fees and Motion for Entry of Final Judgment (hereinafter, "Defendant's Motion for Attorneys' Fees (Doc. 72)) as permitted by the Court's Opinion and Order (Doc. 71).

2. Attached as **Exhibit A** is the Affidavit of Daniel A. Ruiz setting forth an opinion by Plaintiff's counsel as to the reasonable and necessary attorneys' fees associated with (1) suits on account and related contract claims in the state of Texas; and (2) Defendant's Motion for Attorneys' Fees, which is incorporated by reference as if fully set forth herein (Plaintiff's counsel's affidavit (Exhibit A) will demonstrate separate instances where Defendant's "Time Entries Related to Parker's Counterclaim for Breach of Contract" were not reasonable or necessary).

3. In an apparent attempt to preserve error, Defendant's Motion for Attorneys' Fees also sets forth, in a footnote, the following statement: "In this case, the attorneys fees mounted *in large part* because of Omni's conduct, to wit: Omni's repeated motions for extensions of time; Omni's violations of the Court's scheduling order; Omni's post-deadline

1

expert designations, post-deadline expert report, and post deposition conduct of additional useless testing, requiring Omni's expert to be deposed a second time; and Omni's tardy briefing." (*See* footnote 1 of Defendant's Motion for Attorneys' Fees; emphasis added)[1]. Meanwhile, in Exhibit A of Defendant's Motion for Attorneys' Fees, Defendant's counsel states "[t]here were nine depositions in total, one of them taking place in Nebraska. Parker filed numerous motions, including three motions for summary judgment." (*See* Exhibit A, "First Amended Declaration of Jeremy Stone," para. 5). Clearly, Defendant's characterization that its attorneys' fees were due *"in large part"* to Plaintiff's actions is misleading, or vague at best.

4. Furthermore, Defendant offers no legal support for the proposition that approved changes to the Court's scheduling order (the Court approved the changes in this case) independently justify increased attorneys' fees in connection with a defendant's counterclaim.

5. In the same footnote of Defendant's Motion for Attorneys' Fees referenced above, Defendant also argues that Defendant's fees and expenses related to its counterclaim were "intertwined" with its defense against Plaintiff's claims. (*See* footnote 1 of Defendant's Motion for Attorneys' Fees). However, Defendant has not offered any documentation supporting the proposition that Defendant's counterclaim was somehow "intertwined" with its defense. The obvious explanation is that Defendant's attorneys' fees concerning its counterclaim were independent from its defense of Plaintiff's claims.

---

[1] No documentation is attached (segregated or otherwise) in support of the attorney fees referenced by Defendant. It should also be noted that Defendant's first request for attorney's fees was denied by the Court's Order and Opinion ordering Defendant to submit a revised request for attorney fees. (*see* Doc. 71, "Opinion and Order," pp. 72-74).

2

6. In the same footnote, Defendant also argues that its attorneys' fees were "exacerbated equally by the manner in which Omni defended itself." (*See* footnote 1 of Defendant's Motion for Attorneys' Fees). However, Defendant offers no support for its contention that Defendant's attorneys' fees were "equally" affected by Plaintiff's prosecution of Plaintiff's claims. For example, Plaintiff's expert designation and report and time extension regarding same each involved only Plaintiff's claims pertaining to product defect.

7. In Defendant's counsel's amended declaration (Exhibit A), Defendant's counsel states that "[w]e were conservative in our segregation and did not include many entries for many *tasks, which could have been considered integral* to the counterclaim, such as drafting discovery, reviewing document productions . . . *and the time associated with this amended request*." (*See* Defendant's Motion for Attorneys' Fees, Exhibit A, "First Amended Declaration of Jeremy Stone," para. 6) (emphasis added). The fact that Defendant could have drafted discovery related to its counterclaim does not mean that it did. The documents related to Defendant's breach of contract claim were finite and straight forward, the latter being fully acknowledged by Defendant's counsel (*see* Defendant's Motion for Attorneys' Fees, Exhibit A of "First Amended Declaration of Jeremy Stone," para. 5, ln. 1). Furthermore, Defendant could not have reviewed additional documents unless they were unrelated to its counterclaim. Additionally, the reason the Honorable Court ordered Defendant to submit Defendant's an amended request (Defendant's Motion for Attorneys' Fees) was because Defendant failed to provide any support or documentation for its attorneys' fees (*see* Doc. 71, "Opinion and Order," pp. 72-74).

8. Plaintiff, Omni USA, Inc., respectfully requests that the Court deny

Defendant's request for reasonable and necessary attorneys' fees in the amount requested.

Respectfully submitted,

LAW OFFICE OF DANIEL A. RUIZ

*/s/ Daniel A. Ruiz*
Daniel A. Ruiz
Bar Card No. 24060532
1795 N Fry Rd, Ste. 305
Katy, Texas 77449
(281) 391-4262 office
(281) 391-6471 fax

ATTORNEY FOR PLAINTIFF,
OMNI USA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response to Defendant Parker-Hannifin's First Amended Motion for Attorneys' Fees and Motion for Entry of Final Judgment was served via facsimile and/or certified mail on August 30, 2013, as follows:

*/s/ Daniel A. Ruiz*
DANIEL A. RUIZ

***Via CM # 7013 0600 0002 2837 7127***
Jeremy R. Stone
Mehaffy Weber, P.C.
500 Dallas, Suite 1200
Houston, Texas 77002

4