IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMNI USA, INC., | § | |
|     Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 10-4728 |
| | § | |
| PARKER-HANNIFIN CORPORATION, | § | |
| | § | |
|     Defendant | § | |

## PARKER-HANNIFIN'S REPLY TO OMNI USA, INC.'S RESPONSE TO FIRST AMENDED MOTION FOR ATTONREYS' FEES

1. Parker-Hannifin Corporation ("Parker") files this Reply to Omni USA, Inc.'s ("Omni") Response to First Amended Motion for Attorneys' Fees.

2. The Court should award Parker the attorneys' fees requested in Parker's Amended Motion for the reasons set forth in the Motion. Omni's Response has no valid expert opinion regarding what would be reasonable and necessary attorneys' fees. Omni's response merely makes conclusory statements that the fees requested by Omni are unreasonable without explaining why they are unreasonable. Omni fails to provide an expert opinion on what would be reasonable for Parker's attorneys' fees under the particular circumstances of the case.

3. It is important to note that Omni does not even address attorneys' fees for a breach of contract claim. Omni attaches the Affidavit of Daniel Ruiz, attorney for Omni, to its response. Mr. Ruiz bases his opinion on the "sworn account" action. The Court denied Parker's motion for summary judgment on its sworn account claim, but granted the motion on Parker's breach of contract claim. Nowhere in Mr. Ruiz's affidavit does he opine as to what the reasonable and necessary attorneys' fees on Parker's breach of contract claim would be. Indeed, he does not even opine on what the reasonable and necessary attorneys' fees should have been on Parker's sworn account.

4. Mr. Ruiz does not consider any factors as set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 171-19 (5th Cir. 1974). *See also Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W. 2d 812, 818 (Tex. 1997); *Stewart Title Guar. Co. v. Sterling*, 822 S.W. 2d 1 (Tex. 1991), *modified by Tony Gullo Motors I, LP v. Chapa*, 212 S.W. 3d 299 (Tex. 2006); *Sharifi v. Steen Automotive, LLC*, 370 S.W.3d 126, 153-54 (Tex. App.—Dallas, no pet.).

5. Instead of analyzing Parker's attorneys' fees using the appropriate factors, Mr. Ruiz makes generalized and conclusory statements about what he would normally charge for some theoretical sworn account petition and then makes conclusory statements that Parker's fees are unreasonable and unnecessary without stating what would be reasonable and the reasons for such an opinion. For example, Mr. Ruiz references four days of time entries (from July 22, 2011 to July 26, 2011) and makes the conclusory statement that 3.7 hours related to supporting documentation is unreasonable and unnecessary. (Affidavit, ¶ g(ii)). However, a review of those days' time entries reveals only 2.9 hours spent on tasks such as correspondence, preparing an affidavit, preparing a memo, and amending pleadings. Mr. Ruiz argues that the entries of September 28, 2011 are not segregated, but the time entry clearly states that the correspondence is related to warranty and original documents in the formation of the contract. Mr. Ruiz makes the conclusory statement that the time spent over the course of several weeks to prepare and complete the motion for summary judgment and reply was unreasonable (Affidavit, ¶¶ g(iv), (vi)), but fails to address that the time included researching several issues and correspondence with the client. In sum, all of Mr. Ruiz's opinions that the time spent by Parker's counsel was unreasonable are conclusory and should not be considered by the Court.

6. Omni tries to argue that such a simple claim should require very little work and attorneys' fees, but Omni unnecessarily complicated what should have been an uncomplicated sworn account and breach of contract action.

7. Parker filed its counterclaims on July 27, 2011 (Doc. 22). Omni initially filed no answer. Parker then filed its Motion for Default Judgment and alternative Motion for Summary Judgment on its counterclaims on December 6, 2012 (Doc. 37).

8. Omni filed a late answer on December 10, 2012. (Doc. 38). In its answer, Omni practically put all of its claims at issue as affirmative defenses, such as alleged prior breach of contract and alleged failure of consideration. (Answer, ¶ 19). In addition (and possibly in bad faith) Omni also pleaded accord and satisfaction (Answer, ¶ 20) and denied virtually every allegation of this otherwise "simple" contract action. Omni stated that it did not pay because the seals were "defective and in violation of the agreement between the parties." (Answer, ¶ 2). In other words, Omni interjected all of the contract and warranty issues into Parker's counterclaim.

9. Omni then filed a response to the default judgment on December 27, 2012 (Doc. 47) and virtually ignored the summary judgment arguments, addressing only default judgment issues. Parker replied on January 7, 2013. (Doc. 48). Omni then filed a motion for leave to file its Original Answer late on January 22, 2013. (Doc. 57).

10. On February 21, 2013, the Court denied the motion for default judgment and ordered that Omni respond to the summary judgment motion within 20 days. (Doc. 61). Instead of filing a substantive response, Omni filed a motion for extension of time on March 13, 2013, in which it argued that Parker's motion for summary judgment was intertwined with Parker's other motions for summary judgment: "On or about February 21, 2013, the Court denied Defendant's Motion for Default Judgment (Document 37) and also ordered that Plaintiff had until March 13,

2013 (twenty days) to file a response to 'Parker's motion for summary judgment' (Defendant actually has two similar motions pending with the Court, Document 39 and 46)." (Doc. 63, ¶ 4).

11. On March 20, 2013, the Court granted Omni's motion and ordered that the responses be filed by March 29, 2013. (Doc. 67). Instead of responding on March 29, 2013, Omni filed additional motions for extension and motions for leave to file late responses. (Docs. 66 and 68).

12. Omni's refusal to acknowledge Parker's counterclaim for unpaid invoices, requests for multiple extensions, and infusion of its claims as defenses to the counterclaims raised the costs for the parties. Parker's attorneys' fees of $7,512.50 are reasonable and necessary as set forth in the Amended Motion, particularly in light of Omni's actions.

13. For these reasons and those in Parker's Amended Motion, Parker respectfully requests that the Court grant Parker's request for reasonable and necessary attorneys' fees and grant Parker all other relief to which it is justly entitled.

    Respectfully submitted,

    MEHAFFYWEBER, P.C.

    */s/ Jeremy R. Stone*
    Jeremy R. Stone
    Attorney-in-charge
    State Bar No. 24013577
    S.D. Texas I.D. No. 27060
    500 Dallas, Suite 1200
    Houston, Texas 77002
    Phone: (713) 655-1200
    Fax: (713) 655-0222

    ATTORNEY FOR DEFENDANT
    PARKER-HANNIFIN COPRPORATION

Of counsel:

**MEHAFFY WEBER, P.C.**

Louis M. Scofield, Jr.
State Bar No. 17884500
Post Office Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5177

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of this document was served via the Court's Electronic Filing System on September 4, 2013.

                                                */s/ Jeremy R. Stone*
                                                JEREMY R. STONE

Mr. Daniel A. Ruiz
Law Office of Daniel A. Ruiz
1795 N. Fry Rd., Suite 305
Katy, Texas 77449